**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHAEL HUGGINS,<br><br>      *Plaintiff*,<br><br>v.<br><br>OSCAR AVILES, et al.,<br><br>      *Defendants*. | Civil Action No. 23-3726(MEF)(ESK)<br><br>**ORDER** |

The Plaintiff has applied to initiate this civil action in forma pauperis. See Application at 1-9 (Docket Entry 1-1). A plaintiff who proceeds in forma pauperis is permitted to bring a lawsuit without paying certain court fees that would otherwise be required. See generally 28 U.S.C. § 1915(a); Deutsch v. United States, 67 F.3d 1080, 1084 (3d Cir. 1995). As set forth below, the Plaintiff has not submitted an appropriate application. Accordingly, his application is denied.

To proceed in forma pauperis, a plaintiff must show "inability to pay court costs and also provide himself with life's necessities[.]" Jones v. Delaware State Police, 699 F. App'x 107, 107 (3d Cir. 2017) (citing Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948)); see also, e.g., Walker v. People Express Airlines, Inc., 886 F.2d 598 (3d Cir. 1989)).

To facilitate this assessment, a person who is incarcerated, as the Plaintiff is here, may seek to initiate a civil action in forma pauperis only after submitting two sets of documents to the Court. First, a plaintiff must submit an affidavit, including a statement of all assets. See 28 U.S.C. § 1915(a)(1). Second, a plaintiff must submit a certified copy of the inmate trust fund account statement that covers the six months leading up to the filing of the plaintiff's complaint. See 28 U.S.C. § 1915(a)(2) ("A prisoner seeking to bring a civil action . . . without prepayment of fees . . . , in addition to filing [an] . . . affidavit . . . , shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained

from the appropriate official of each prison at which the prisoner is or was confined.").

Here, the Plaintiff submitted a complete application but stated under penalty of perjury that he has not received money from any source. See Application at 2-3. However, the Plaintiff's account statement shows that he regularly receives monetary deposits. Id. at 4, 6-9. Given this inconsistency, the Court must deny his application to proceed in forma pauperis. E.g., Velez v. Bashir, No. 21-14148, 2021 WL 5168491, at *1-2 (D.N.J. Oct. 29, 2021). This case will now be administratively terminated. Additionally, the Plaintiff states that he owns "real property." See Application at 3. In any future application to proceed in forma pauperis, the Plaintiff must identify and itemize such property. Should the Plaintiff wish to re-initiate this case, he may do so by (1) submitting a complete and truthful application to proceed in forma pauperis or (2) paying the various court fees required of civil litigants who are not proceeding in forma pauperis.

IT IS, on this 5th day of September 2023:

**ORDERED** that the Plaintiff's application to proceed in forma pauperis is denied; and it is further

**ORDERED** that the Clerk of the Court shall administratively terminate this case, without filing the Complaint or assessing a filing fee; and it is further

**ORDERED** that the Clerk of the Court shall provide the Plaintiff with a blank application to proceed in forma pauperis, DNJ-Pro Se-007-A-(Rev.05/2013); and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon the Plaintiff by regular United States mail.

_____
Michael E. Farbiarz, U.S.D.J.